**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MUSA SHERIFF,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF FCI-LEWISBURG DETENTION CENTER, *et al.*,<br><br>Respondents. | No. 4:26-CV-02213<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**SEPTEMBER 29, 2026**

## I. BACKGROUND

Musa Sheriff, currently a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), has filed this 28 U.S.C. § 2241 petition seeking his release from ICE custody.[1] Specifically, he alleges that his continued confinement without a bond hearing violates his constitutional rights.[2]

Sheriff, a citizen and native of the Republic of Liberia, entered the United States of America in 1999 and was admitted as a refugee.[3] In 2004, Sheriff was charged with criminal threatening, and the Government then sought his removal

1 Doc. 1.
2 *Id.*
3 Doc. 8-2 at 3.

from the United States based upon that criminal conviction.[4] On March 2, 2025, Sheriff was arrested by ICE after reporting for a scheduled check-in; he has remained in ICE custody since that date.[5] Sheriff is currently detained at the Federal Correctional Institution, Lewisburg ("FCI Lewisburg"), located within the Middle District of Pennsylvania.[6]

In August of 2026 Sheriff filed this 28 U.S.C. § 2241 petition arguing that his continued detention violates the Due Process Clause of the United States Constitution.[7] He avers that his detention is unconstitutionally prolonged, and he is entitled to release from custody.[8] The Government responds that Sheriff is subject to mandatory detention and he is not entitled to a bond hearing under 8 U.S.C. § 1226(c).[9] Respondents further contend that Sheriff's duration of detention without a bond hearing has not become unconstitutionally excessive.[10]

Sheriff has not filed a reply brief and the time to do so has now lapsed, rendering this matter ripe for disposition. For the reasons discussed below, the petition will be granted.

---

4 *See* Doc. 8-4.
5 Doc. 1 at 2; Doc. 8-2 at 3.
6 Doc. 1 at 2.
7 *See* Doc. 1.
8 *Id.* at 4-6.
9 Doc. 8 at 4-13.
10 *Id.* at 13-19.

## II. DISCUSSION

Sheriff brings his claim pursuant to 28 U.S.C. § 2241, which provides, as relevant here, that it applies to any individual who is "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States."[11] As the Supreme Court of the United States has emphasized, when ICE detainees challenge "their confinement" pending removal, "their claims fall within the 'core' of the writ of habeas corpus and thus must be brought in" a 28 U.S.C. § 2241 petition.[12] Sheriff's claim is therefore properly brought in this petition.

Respondents argue that Sheriff is properly detained pursuant to 8 U.S.C. § 1226(c) as he has previously been convicted of a qualifying offense,[13] a proposition that Sheriff does not dispute.[14] However, the United States Court of Appeals for the Third Circuit has held that, even under this mandatory detention scheme, "'when detention becomes unreasonable, the Due Process Clause demands a hearing.'"[15]

"Reasonableness is a 'highly fact-specific' inquiry," and the Third Circuit has provided four factors that courts should examine in considering the reasonableness

---

11 28 U.S.C. § 2241(c)(2).
12 *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).
13 Doc. 8 at 4-13.
14 *See* Doc. 1.
15 *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020) (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011)).

of an individual's detention.[16] Those factors include: (1) the "duration of detention"; (2) "whether the detention is likely to continue"; (3) "the reasons for the delay"; and (4) whether the "conditions of confinement are 'meaningfully different' from criminal punishment."[17] If detention has become unreasonably lengthy, an individual is "entitled to a bond hearing to gauge whether he still needs to be detained to keep him from fleeing or committing more crimes," at which "the Government bears the burden of proof . . . to justify detention by clear and convincing evidence."[18]

Applying those factors here, Sheriff has been detained since March of 2025—nearly nineteen months. Courts routinely find detention excessive after similar or shorter durations.[19] Furthermore, Sheriff's detention is likely to continue for the foreseeable future, as his appeal of his removal order remains pending before the Board of Immigration Appeals ("BIA"),[20] and that court "currently faces a massive backlog, with 282,434 appeals pending at last report."[21] Moreover, once that appeal

---

16 *Id.* (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474 (3d Cir. 2015)).
17 *Id.* at 211 (quoting *Chavez-Alvarez*, 783 F.3d at 478 (brackets omitted))
18 *Id.* at 213.
19 *See W.A.C. v. Rokosky*, 836 F. Supp. 3d 577, 586 (D.N.J. 2026) (detention of more than one year "weighs heavily" in favor of granting petition); *Michelin v. Oddo*, No. 3:23-CV-22, 2023 WL 5044929, at *6 (W.D. Pa. Aug. 8, 2023) (18-month detention "weighs strongly" in favor of a bond hearing); *Alvarado v. Soto*, No. CV 26-1032 (MAS), 2026 WL 2349924, at *4 (D.N.J. Aug. 13, 2026) (finding duration of more than eight months favored a bond hearing).
20 Doc. 8 at 3.
21 *Carmona Leyva v. Sage*, No. 4:26-CV-01986, 2026 WL 2408332, at *3 (M.D. Pa. Aug. 6, 2026), *report and recommendation adopted*, No. 4:26-CV-01986, 2026 WL 2411130 (M.D. Pa. Aug. 14, 2026).

is concluded, Sheriff "has the right to appeal such a decision to the Third Circuit, which would extend his detention even further, with no definite end point."[22]

The third factor, reasons for any delay, is neutral. The record does not indicate that "either party made careless or bad-faith 'errors in the proceedings that caused unnecessary delay,'"[23] and therefore "this factor does not favor either side."[24]

The fourth factor, whether conditions of confinement are meaningfully different from criminal punishment, weighs in Sheriff's favor. In considering this factor, if an individual's confinement "looks penal, that tilts the scales toward finding the detention unreasonable."[25] Sheriff is confined at FCI Lewisburg, a federal prison. "And while Respondents state that [Sheriff] is not confined to his cell for 23 hours per day as was the case in *German Santos*, that assertion 'does not explain how such detention-center conditions differ from those found in a prison setting.'"[26] Despite Sheriff's detention being labeled as civil in nature, it appears identical to criminal detention, and this factor therefore weighs in his favor.

Balancing the relevant factors demonstrates that Sheriff's detention has become unconstitutionally prolonged, and due process demands that he be provided

---

22 *Id.*

23 *German Santos*, 965 F.3d at 211 (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011) (brackets omitted)).

24 *Id.* at 212.

25 *Id.* at 211.

26 *Xu v. Warden, Pike Cnty. Corr. Ctr.*, No. 4:26-CV-01895, 2026 WL 2547342, at *2 (M.D. Pa. Aug. 28, 2026) (quoting *Nyamekye v. U.S. Immigr. & Customs Enf't*, No. 4:23-CV-01541, 2024 WL 1890375, at *4 (M.D. Pa. Apr. 30, 2024)).

a bond hearing at which the Government must demonstrate by clear and convincing evidence that he presents a danger or a flight risk. Accordingly, Sheriff's petition will be granted.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Respondents have violated Sheriff's due process rights. Consequently, his petition will be granted, and the Government will be required to provide Sheriff with a bond hearing or release him from custody.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge